UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHAEL GADDY,

        Plaintiff,

vs.

M.A. COOK, et. al.,

        Defendants.

        /

No. C 13-1627 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND AND DENYING MOTION TO COMPEL DISCOVERY**

Plaintiff, an inmate at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A. Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges he was improperly moved around to different housing units at the prison, he was the victim of excessive force by guards and the guards retaliated against him for his protected conduct of filing complaints.

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted).  The core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Whitley*, 475 U.S. at 320-21.

"Within the prison context, a viable claim of First Amendment retaliation entails five

basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline)

A prisoner must at least allege that he suffered harm, since harm that is more than minimal will almost always have a chilling effect. *Rhodes*, 408 F.3d at 567-68 n.11; see *Gomez v. Vernon*, 255 F.3d 1118, 1127-28 (9th Cir. 2001) (prisoner alleged injury by claiming he had to quit his law library job in the face of repeated threats by defendants to transfer him because of his complaints about the administration of the library).

Plaintiff alleges that defendant Cuske pepper sprayed him in the face at point blank range for no reason while he was in a holding cell. Plaintiff states he suffered loss of hearing and frequent ear infections. Later Cuske had plaintiff moved to another cell that had poor ventilation and plumbing in retaliation for filing staff complaints. These claims against defendant Cuske are sufficient to proceed.

Plaintiff also alleges that he was previously moved to different housing units for no reason and identifies several other defendants as being involved with the excessive force and retaliation but provides no allegations to link them to the alleged conduct. These allegations against the other nine defendants are dismissed with leave to amend. Plaintiff's allegations that he was moved to different housing units fails to state a claim. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing *Moody v. Dagget*, 429 U.S. 78, 88 n.9 (1976)) (Changes in conditions relating to classification and reclassification do not implicate the Due Process Clause itself.). Plaintiff identifies several other defendants as allegedly being involved with the excessive force and retaliation but has

3

failed to sufficiently link them to the constitutional deprivations. The complaint will be dismissed with leave to amend for plaintiff to provide additional information regarding the actions of these defendants. Plaintiff's motion to compel discovery will be denied as no defendants have been served.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed no later than **October 28, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

2. Plaintiff's motion to compel discovery (Docket No. 4) is **DENIED**.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 26, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Gaddy1627.dwlta.wpd