FILED

SEP 18 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN GADDY,<br><br>    Plaintiff,<br><br>v.<br><br>M. A. COOK, et. al.,<br><br>    Defendants. | No. C 13-01627 BLF (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

Plaintiff, a state prisoner at Pelican Bay State Prison ("PBSP"), filed the instant civil rights action in *pro se* pursuant to 42 U.S.C. § 1983, challenging conditions of confinement.[1] Plaintiff's third amended complaint ("TAC") is now before the Court for initial review. (Docket No. 15.)

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] This matter was reassigned to this Court on April 17, 2014.

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Plaintiff's Claims**

Plaintiff claims that Defendants Correctional Officers S. Wright and T. J. Anderson retaliated against him for filing a staff complaint for misconduct against a senior officer named Marshall, when they placed him administrative segregation ("ad-seg") on June 7, 2012. (TAC at 4.) Plaintiff claims that Wright and Anderson fabricated a "false charge" that Plaintiff had a documented enemy who had just arrived at Facility A to justify placing him in ad-seg. (*Id.* at 5.) Liberally construed, Plaintiff states a cognizable retaliation claim under the First Amendment. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff claims that while he was in the holding cage in ad-seg on June 7, 2012, Defendant Correctional Office J. Cuske "out of nowhere, without warning... just started pepper spraying [Plaintiff] point blank in [his] face and eyes." (TAC at 6.) Plaintiff claims that he was pepper sprayed twice more, with a few minutes in between each occurrence and without provocation. (*Id.*) Plaintiff claims Defendants Correctional Officers E. Enos, T. Campbell, D. Nelson and H. Schaad were present and did nothing to intervene. (*Id.*) Due to the incident, Plaintiff claims he suffers from loss of hearing, reoccurring ear infections, and problems with balance. (*Id.* at 8-9.) Liberally construed, Plaintiff states cognizable claims of excessive force and failure to intervene in violation

of the Eighth Amendment against these Defendants. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).

Lastly, Plaintiff claims that on September 27, 2012, Defendant Cuske later moved him to another cell with poor ventilation and plumbing in retaliation for filing staff complaints. (*Id.* at 9-10.) These allegations are sufficient to state a retaliation claim. *See Rhodes*, 408 F.3d at 567-68.

Plaintiff names Warden M. A. Cook as a defendant in this action, but makes no factual allegations of wrongdoing against him. In fact, Plaintiff makes no mention of him at all in his "Statement of Claim." (TAC at 4-10.) To the extent that Plaintiff is attempting to hold Warden Cook liable as a supervisor, he may only do so under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). There is no allegation that Warden Cook was personally involved in the alleged constitutional deprivations. Furthermore, under no circumstances is there respondeat superior liability under section 1983. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, Defendant Cook is DISMISSED from this action as Plaintiff has failed to state a claim against him.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the third amended complaint, (Docket No. 15), all attachments thereto, and a copy of this order upon **Defendants Lieutenant T. J. Anderson, Sergeant E. Enos, Sergeant S. Weight, J. Cuske, T. Campbell, D. Nelson and H. Schaad** at Pelican Bay State

**Prison,** (P.O. Box 7000, Crescent City, CA 95531-7000). The Clerk shall also mail a copy of this Order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendants file a motion for summary judgment, the**

**Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).** *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

DATED: September 18, 2014

BETH LABSON FREEMAN
United States District Judge